**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DAVID JAMES MANCHEN,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:05-CV-049-A** |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, CORRECTIONAL** | § | |
| **INSTITUTIONS DIVISION,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner David James Manchen, TDCJ-ID #852168, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Pampa, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.     **FACTUAL AND PROCEDURAL HISTORY**

In April 1996, Manchen was charged by indictment in Tarrant County with indecency with a child.  (Clerk's R. at 3.)  On September 4, 1998, pursuant to a plea bargain agreement, Manchen pled guilty to the offense and was placed on ten years' deferred adjudication community supervision. (*Id.* at 31-34.)  Manchen did not directly appeal the deferred adjudication judgment; thus the judgment became final under state law thirty days later on October 4, 1998.  *See Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding defendant placed on deferred adjudication may raise issues relating to original plea proceeding only in appeal taken when deferred adjudication is first imposed); TEX. R. APP. P. 26.2(a)(1) (allowing thirty days from the date sentence is imposed or suspended in open court to file notice of appeal in the absence of timely filed motion for new trial).

Thereafter, on November 24, 1998, the trial court adjudicated Manchen's guilt for the offense and sentenced him to twenty years' imprisonment.  (Clerk's R. at 56.)  Manchen appealed the judgment adjudicating guilt, but the Second District Court of Appeals dismissed the appeal for want of jurisdiction on December 30, 1999.  *Manchen v. Texas*, No. 2-98-615-CR, slip op. (Tex. App.–Fort Worth Dec. 30, 1999) (not designated for publication).  His petition for discretionary review was refused by the Texas Court of Criminal Appeals on August 30, 2000.  *Manchen v. Texas*, PDR No. 749-00.  Manchen did not seek writ of certiorari; thus the judgement adjudicating his guilt became final ninety days later on November 28, 2000.  (Petition at 3.)  *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

On May 19, 2003, Manchen filed a state postconviction application for writ of habeas corpus, which was denied on September 29, 2004 without written order by the Texas Court of Criminal

Appeals on the findings of the trial court.  *Ex parte Manchen*, Application No. 57,949-01, at cover.

Manchen filed the instant federal petition for writ of habeas corpus on January 26, 2005.[1]  Pursuant

to an order dated February 7, 2005, Dretke has filed a preliminary response with supporting

documentary exhibits addressing only the issue of whether the petition is timely.

**D.     ISSUES**

Manchen raises nine grounds for relief involving the voluntariness of his original plea and

the adjudication proceedings.  (Petition at 7-8.)

**E.     STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

habeas corpus relief.  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Typically, a pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). A prisoner represented by counsel in a habeas corpus proceeding, however, is not entitled to the benefit of the "mailbox rule."  *Cousin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003).

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The question of when the federal statute of limitations commences regarding claims arising before or related to the original plea or the plea proceedings in the deferred adjudication context was addressed in this magistrate judge's findings, conclusions, and recommendation in *Jimenez v. Cockrell*, 2003 WL 21321256, at *3-4 (N.D. Tex. May 19, 2003) (not designated for publication).[2] In that case, the undersigned concluded that the statute of limitations begins for purposes of § 2244(d)(1)(A) when a Texas state court's deferred adjudication judgment or order becomes final by the conclusion of direct review or the expiration of the time for seeking such review, notwithstanding the fact that there has been no determination of guilt.[3]

To the extent Manchen's claims involve alleged facts or events relevant to the voluntariness of his original plea, the one-year limitations period ran from the date on which the judgment placing him on deferred adjudication community supervision became final by the conclusion of direct review or the expiration of the time for seeking such review on October 4, 1998.  28 U.S.C. §

---

[2]Although the Fifth Circuit has yet to address the issue, the issue is currently before the court in the pending consolidated appeal of *Caldwell v. Dretke*, No. 03-4097 and *Martinez v. Dretke*, No. 03-20900.

[3]The record does not reflect that any unconstitutional "State action" impeded Manchen's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to Manchen's claims or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence.  Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

2244(d)(1)(A).  Thus, Manchen had until October 4, 1999, absent any applicable tolling, within which to timely file a federal petition raising his claims.  Manchen's state habeas application filed after limitations had expired did not operate to toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Similarly, to the extent Manchen's claims involve alleged facts or events relevant to the adjudication proceedings, the one-year limitations period ran from the date the judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review on November 28, 2000.  28 U.S.C. § 2244(d)(1)(A).  Thus, Manchen had until November 28, 2001, absent any applicable tolling, within which to timely file a federal petition raising his claims.  Manchen's state habeas application filed after limitations had expired did not operate to toll the limitations period.  *See Scott*, 227 F.3d at 263.

Manchen acknowledges that his petition is untimely under 28 U.S.C. § 2244(d), however, he contends equitable tolling is appropriate because, since he entered TDJ in 1998, he has been prescribed various "powerful psychotropic drugs," that, when combined with his psychological and mental problems, have not enabled him to assist his attorney in filing his federal petition.  (Pet'r Memorandum in Support at 2-4.)  Manchen provides no details or evidentiary basis, however, to support his allegation.  *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003).  Therefore, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Accordingly, Manchen's petition, filed on January 26, 2005, is untimely.

## II.  RECOMMENDATION

Manchen's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 10, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 10, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 19, 2005.


 s/s Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE